IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIZABETH STEWART, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:17-cv-00501-O-BP |
| JESUS NEVAREZ, JR, et al., | § § § | |
| Defendants. | § § § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On November 8, 2017, The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (the "FCR") in this case. FCR, ECF No. 17. The FCR recommended that this Court grant Defendant Ken Paxton's Motion to Dismiss (ECF No. 15), filed August 29, 2017; Defendant Thomas A. Wilder's Motion to Dismiss (ECF No. 20), filed September 5, 2017; and Defendant Jesus Nevarez, Jr's Motion to Dismiss (ECF No. 25), filed September 19, 2017. Plaintiff filed objections (ECF No. 36), Defendant Wilder filed objections (ECF No. 37), and Defendants Ken Paxton and Jesus Nevarez, Jr. filed a response to Plaintiff's objections (ECF No. 38).

The Court has conducted a *de novo* review of those portions of the FCR to which an objection was made. For the following reasons, Plaintiff's objections are **OVERRULED**.

### I.  BACKGROUND

Plaintiff Elizabeth Stewart ("Stewart") brings this suit against Defendants Jesus Nevarez, Jr. ("Nevarez"), Thomas A. Wilder ("Wilder"), and Ken Paxton ("Paxton") (collectively, "the Defendants") for violations of due process under the Fifth and Fourteenth Amendments. Compl. 1,

ECF No. 1. Plaintiff seeks damages resulting from an alleged deprivation of the opportunity to be heard on her attempt to modify her child custody and child support orders in state court. *Id*.

Stewart is the mother of two children, H.S. III and A.S. *Id*. at 3. Harry Stewart II, who is not a party to this case, is the father of the children and Stewart's ex-husband. *Id*. On August 25, 2014, Stewart filed in Tarrant County District Court a Motion to Modify in Suit Affecting the Parent-Child Relationship and Request for Temporary Orders and for Temporary Restraining Order, for Protective Order and Motion to Transfer ("the Modification Suit"). *Id*. at 3; Br. Supp. Paxton Mot. Dismiss 2, ECF No. 16. On September 26, 2014, Harry Stewart II filed a counter-petition to the Modification Suit. Compl. 3, ECF No. 1. On January 16, 2015, Plaintiff Stewart filed her Counter-Respondent's Original Answer. *Id*.

Defendants are all connected with the Modification Suit. Nevarez is judge of the 231st District Court, a family court in Tarrant County, Texas, who presided over the Modification Suit. *Id*. at 2, 5. Wilder is the District Clerk of Tarrant County, and sued by Plaintiff because he trains and manages the Tarrant County district court deputy clerks. *Id*. at 2. Paxton is the Attorney General of the State of Texas, sued by Plaintiff because his office manages the Texas Child Support Division. *Id*. at 3.

Stewart did not appeal the final order in the Modification Suit to the state appellate court. *Id.*, Ex. 2; Br. Supp. Paxton Mot. Dismiss 11, ECF No. 16. Stewart currently has a mandamus action "for declaratory relief of the void order" pending in the Texas Supreme Court. Compl. 11, ECF No. 1. She also has filed a complaint against Nevarez with the Texas Judicial Commission. *Id.* Stewart previously filed a § 2254 habeas claim, which a court in this district dismissed for lack of jurisdiction. *See Stewart v. 231st Judicial Dist. Tex. AG*, Civil Action No. 4:16-cv-00999-A, 2016 U.S. Dist. LEXIS 150338 (N.D. Tex. 2016).

## II. ANALYSIS OF OBJECTIONS

Stewart filed several objections to the Magistrate Judge's FCR. This Court reviews each objection *de novo*. First, Stewart objects to dismissal under the *Rooker-Feldman* doctrine. Pl.'s Obj. 1, ECF No. 36. The *Rooker-Feldman* doctrine requires dismissal of claims brought in federal court that should have been appealed in state court. *See Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986); *Chasez v. Powell*, 1:07CV929 LGJMR, 2008 WL 591941, at *2 (S.D. Miss. Feb. 28, 2008) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923)). Plaintiff objects to its application here, but the *Rooker-Feldman* doctrine specifically applies to cases like this, where the claims are "inextricably intertwined" with a state court decision. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). The underlying federalism concerns particularly apply to domestic issues like child custody and child support, which were at the heart of the original state court proceedings. The proper procedure for Plaintiff is to appeal through the state appellate court, and Plaintiff has not shown a reason why she is unable to avail herself of this remedy. Therefore, the Court overrules this objection.

Second, Plaintiff objects to dismissal based on *Younger* abstention doctrine. Pl.'s Obj. 4, ECF No. 36. Plaintiff has currently a pending mandamus action before the Texas Supreme Court concerning the Modification Suit. Compl. 11, ECF No. 1. Under *Younger*, federal district courts are to refrain from entertaining demands for injunctive or declaratory relief premised on constitutional challenges to state criminal or civil proceedings that are imminent or ongoing at the time the federal suit is initiated. *Younger v. Harris*, 401 U.S. 37, 52–53; *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (extending the abstention doctrine to cases seeking an injunction of state civil proceedings). *Younger* applies in this context where: (1) the dispute involves an ongoing state judicial proceeding; (2) the state has an important interest in

regulating the subject matter of the claim; and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. *Middlesex Cnty.*, 457 U.S. at 432 (citing *Younger*, 401 U.S. at 52–53). Similarly, here: (1) Stewart has a mandamus action concerning the Modification suit pending before the Texas Supreme Court; (2) child custody and child support are important state interests; and (3) the mandamus action affords an adequate opportunity to raise her claims. *Cf. id.* Therefore, the *Younger* doctrine applies and the Court will not provide Plaintiff declaratory or injunctive relief. The Court overrules this objection.

Third, Plaintiff objects to dismissal based on (1) Eleventh Amendment immunity; (2) qualified immunity; and (3) absolute judicial immunity for Judge Nevarez. Qualified immunity is an affirmative defense and the burden is shifted to Plaintiff to plead facts to overcome it with a well-pleaded complaint. *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017). Courts engage in a two-step analysis to determine if an official can claims qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). First, there must be a violation of statutory or constitutional rights, and second, the court must determine whether "the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016).

Defendants Nevarez and Paxton assert qualified immunity and argue Plaintiff has not met her burden to overcome this affirmative defense. The Court agrees that Plaintiff has not asserted facts that show actions by the defendant that violated clearly established statutory or constitutional rights. Plaintiff points to generalized accusations that Defendant Nevarez denied her access to the courts and denied her liberties, but she does not name precedents or procedures that were violated. Compl. 4, 7, ECF No. 1. Plaintiff cites Texas Family Code § 156.401 to claim that Defendant Paxton violated the law by enforcing a child support order based on a child support modification

for which there was no trial notice or record of testimony. Pl.'s Resp. To Paxton Mot. Dismiss 5, ECF No. 28. But this section does not apply to Stewart's argument, and indeed, the words "notice," "trial," and "record" do not even appear in the statute. *See* TEX. FAM. CODE ANN. §156.401. There is nothing in the statute to suggest that enforcement by Paxton or the Child Support Division of an improperly entered child support order is a clear violation of the law. Even under the relaxed standard for *pro se* plaintiffs, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), such assertions are not sufficient to rebut an affirmative defense of qualified immunity. The Court overrules this objection.

Fourth, Plaintiff objects to dismissal of her claims against Judge Nevarez based on absolute judicial immunity. But she merely reiterates conclusory statements that the Court has found insufficient to overcome an assertion of qualified immunity. Therefore, Plaintiff has not shown that Defendant Nevarez acted beyond the scope of his jurisdiction, or acted in a way that would forfeit absolute judicial immunity. Courts are to construe jurisdiction broadly for purposes of judicial immunity. *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985) (citing *Stump*, 435 U.S. at 356–57). Plaintiff's allegations concerning Defendant Nevarez—that he ignored requests for a protective order, did not sign orders, left information out of orders, closed a case improperly, and did not allow her to present evidence—all fall under the category of judicial acts taken within Defendant Nevarez's official capacity as the presiding judge of the 231st District Court. *See Adams*, 764 F.2d at 299; *Stump*, 435 U.S. at 356–57. Therefore, Plaintiff's objection to the application of absolute judicial immunity is overruled.

Lastly, Plaintiff objects to the Magistrate Judge's recommendation of dismissal with prejudice of her claims. Plaintiff argues she has provided arguments and facts that would allow her to recover on her claims. Pl.'s Obj. 8, ECF No. 36. But as the *Rooker-Feldman* doctrine, as well as judicial, official, and qualified immunities, all bar her claims, there is no viable avenue for

Plaintiff to recover. *See Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 642, 647–48 (N.D. Tex. 2007) (Lynn, C.J.) (accepting magistrate judge's recommendations and dismissing with prejudice claims that were similarly defective because of judicial, official, and qualified immunity). Therefore, the Court overrules this objection as well. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (affirming dismissal with prejudice where plaintiff had pleaded his best case).

### III. CONCLUSION

Based on the foregoing, the FCR is **ADOPTED** as the Findings and Conclusions of the Court. It is **ORDERED** that Defendant Ken Paxton's Motion to Dismiss (ECF No. 15); Defendant Thomas A. Wilder's Motion to Dismiss (ECF No. 20); and Defendant Jesus Nevarez, Jr.'s Motion to Dismiss (ECF No. 25) are **GRANTED** and Plaintiff's claims are **DISMISSED with prejudice** as to all defendants. A final judgment will issue by separate order.

**SO ORDERED** on this **23rd day** of **January, 2018.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**